USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/30/2024

February 13, 2024

**NORTON ROSE FULBRIGHT**

Norton Rose Fulbright US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
United States

**VIA ECF**

Hon. Jennifer Rearden
United States District Court,
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

**Shauna Johnson Clark**
**Head of Employment and Labor, United States**
Direct line +1 713 651 5601
shauna.clark@nortonrosefulbright.com

Tel +1 713 651 5151
Fax +1 713 651 5246
nortonrosefulbright.com

Application GRANTED.

The Clerk of Court is directed to terminate ECF No. 37.

SO ORDERED.

*[signature]*

Jennifer H. Rearden, U.S.D.J.
Date: September 30, 2024

Re:   *Yusuf Al-Rahman v. American Sugar Refining, Inc., et al.*, Case No. 1:23-cv-06589-JHR

Dear Judge Rearden:

This firm represents Defendants American Sugar Refining, Inc. ("**ASR**"), Michael Burchell ("**Burchell**"), Falan Kelly ("**Kelly**"), and Graeme Wilding ("**Wilding**") (collectively, "**Defendants**") in the above-referenced matter. We write this Letter Motion pursuant to Section 9 of Your Honor's Individual Practices, concerning sealed filings, to explain the need to (i) seal a settlement agreement filed as an exhibit to Defendants' Partial Motion for Summary Judgment ("**Partial Motion**") (ECF No. 33), and (ii) redact certain portions of the Partial Motion and associated Rule 56.1 Statement (ECF No. 34) that reference the settlement agreement.

Specifically, Defendants seek leave to seal entirely a Settlement Agreement and Release entered into between the plaintiff, Yusuf Al-Rahman ("**Al-Rahman**"), and Defendants in November 2020 (the "**Settlement Agreement**"). A copy of the Settlement Agreement is filed contemporaneously hereto pursuant to Section 9(C)(ii) of Your Honor's Individual Practices. Defendants also seek leave to redact certain portions of its Partial Motion and accompanying Rule 56.1 Statement that reference the Settlement Agreement. Copies of Defendants' proposed redactions to its Partial Motion and Rule 56.1 Statement are filed contemporaneously hereto pursuant to Section 9(C)(ii) of Your Honor's Individual Practices. The Parties have met and conferred regarding sealing the Settlement Agreement and plaintiff's counsel does not oppose sealing the settlement agreement in its entirety.

In deciding whether or not a document should be sealed, courts first determine the weight that should be assigned to the presumption of public access, then weigh "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006). While Defendants respect the presumption of access to judicial documents (*see id.*), there exists ample justification to support sealing the Settlement Agreement and redacting references to the Settlement Agreement.

Settlement agreements are the kind of documents that are "traditionally considered private rather than public." *U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). Here, the Settlement Agreement contains a confidentiality clause that prohibits Al-Rahman from publicizing or disclosing the terms,

Honorable Jennifer Rearden
February 13, 2024
Page 2

NORTON ROSE FULBRIGHT

contents, or conditions of the Agreement. *See* Agreement ¶ 7. The confidentiality clause indicates that the Parties entered into the Settlement Agreement with the expectation that it would remain confidential. Courts within the Second Circuit recognize that settlement agreements with this kind of language should remain under seal to facilitate dispute resolution. *Schoeps v. Museum Of Modern Art*, 603 F. Supp. 2d 673, 676 (S.D.N.Y. 2009) (sealing settlement agreement and noting that "[t]he Second Circuit strongly endorses the confidentiality of settlement agreements in virtually all cases"); *see also Richmond v. Montefiore Med. Center,* 2023 WL 6211978, at *8 (S.D.N.Y. Sept. 25, 2023) (granting request to seal settlement agreement and collecting cases supporting this holding); *In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543 (JMF), 2016 WL 1317975, at *2 (S.D.N.Y. Mar. 2, 2016) (granting motion to seal settlement documents and noting "[t]he Second Circuit has repeatedly affirmed the importance of settlement confidentiality in light of the public interest in promoting settlement"); *Armendariz v. Horowitz L. Grp., LLC*, No. 14 CV 4070, 2015 WL 1849871, at *2 (S.D.N.Y. Apr. 22, 2015) (noting that court previously granted plaintiffs' motion to seal settlement agreement in an employment discrimination lawsuit).

In the alternative, if Your Honor finds that sealing the Settlement Agreement in its entirety is not appropriate, Defendants respectfully request that the Court allow Defendants to file the Settlement Agreement with the payment terms redacted. Those terms appear in Section 1(b) of the Settlement Agreement and are highlighted for Your Honor's convenience in the copy filed contemporaneously under seal. The payment terms are not relevant to the Court's resolution of Defendants' Partial Motion or any other aspect of this case. Defendants and Al-Rahman bargained for those terms with the express understanding that they would remain confidential. The interest in keeping those terms confidential strongly outweighs the presumption of public access. *E.g.*, *Atl. Specialty Ins. Co. v. Royal All. Assocs., Inc.*, No. 23-CV-9555 (JGLC), 2023 WL 8600548, at *2 (S.D.N.Y. Dec. 12, 2023) (granting motion to redact settlement amounts); *De Kafati v. Kafati Kafati*, No. 22-CV-9906 (VSB), 2022 WL 17552457, at *2 (S.D.N.Y. Dec. 9, 2022) (permitting redaction of settlement sums); *Suda v. Sushiden Corp.*, No. 10-CV-5692 (JGK), 2011 WL 1210206, at *1 (S.D.N.Y. Mar. 23, 2011) ("[T]he amount of the settlement payments should be redacted from the settlement agreement that is filed publicly.")

**Conclusion**

In sum, the information that Defendants seek to protect from public disclosure is private information and is confidential. The confidentiality of the foregoing information clearly outweighs the slight presumption of judicial access that exists.

Very truly yours,

*[signature]*

Shauna Johnson Clark

138962016.1