UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YUSUF AL-RAHMAN,<br><br>                    Plaintiff,<br><br>-against-<br><br>AMERICAN SUGAR REFINING, INC.<br>and MICHAEL BURCHELL, FALAN<br>KELLY, and GRAEME WILDING,<br>individually,<br><br>                    Defendants. | No. 23-CV-06589 (LAP)<br><br>OPINION AND ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is a motion filed by American Sugar Refining, Inc. ("ASR"), Michael Burchell ("Burchell"), Falan Kelly ("Kelly"), and Graeme Wilding ("Wilding") (collectively, "Defendants") for partial summary judgement[1] filed pursuant to Federal Rule of Civil Procedure 56.  Plaintiff has opposed the motion.[2]  For the reasons set forth below, Defendants' motion is GRANTED.

## I.    **Background**

### A. Factual Allegations

As alleged in the complaint (see Compl., dated July. 28, 2023 [dkt. no. 1]), ASR hired Plaintiff Yusuf Al-Rahman ("Al-Rahman") as a Quality Assurance Analyst in October 2007.  (Id. ¶ 49.)

---

[1] (See Defendants American Sugar Refining, Inc., Michael Burchell, Falan Kelly, and Graeme Wilding's Memorandum of Law in Support of their Partial Motion for Summary Judgement ("Def Memo.," dated Feb. 13, 2024 [dkt. no. 35]; Defendants' Reply in Support of their Partial Motion for Summary Judgement ("Def. Reply," dated Mar. 5, 2024 [dkt. no. 43]).
[2] (See Plaintiff's Memorandum of Law in Opposition to Defendants' Partial Motion for Summary Judgement ("Pl. Opp.," dated Feb. 27, 2024 [dkt. no. 40]).

1

Plaintiff is an African American man and a practicing Muslim. (Id. ¶ 16.) Plaintiff alleges that, shortly after his hiring, Defendants engaged in a "pattern and practice of discrimination and hostile work environment based upon his race and color, and in retaliation for complaining about ASR's discriminatory actions." (Id. ¶ 61.) Plaintiff further alleges that throughout his employment he was told he was ineligible for promotion due to a lack of experience, while ASR allegedly promoted non-African American, non-Muslim employees who similarly lacked prior experience. (Id. ¶¶ 63-64.) Plaintiff specifically alleges that Defendant Burchell purposefully ignored email correspondence from Plaintiff regarding promotional opportunities. (Id. ¶¶ 124-30.) Defendant Burchell allegedly did not ignore correspondence from non-African American, non-Muslim employees at ASR. (Id. ¶ 131.)

In 2019, because of this alleged discrimination, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and filed a lawsuit in the Southern District of New York against ASR, Burchell, and other ASR employees alleging discrimination, harassment, and retaliation arising out of his employment (the "2019 Lawsuit"). (Id. ¶¶ 163,167; dkt. no. 41-1 ¶ 1.) It is undisputed that Defendants Burchell, Kelly, and Wilding are employees of ASR. (See Compl. ¶¶ 22, 25, 28.)

On October 30, 2020, the parties to the 2019 Lawsuit ultimately settled all of Plaintiff's claims and executed a

confidential Settlement Agreement and Release (the "Settlement Agreement," [dkt. no. 38-1]).  The Settlement Agreement included a very broad, general release of claims in which Plaintiff agreed that in exchange for monetary relief and a position as Associate Corporate Microbiology Manager ("ACMM") Plaintiff would "fully and forever" release "any and all" claims against ASR or its employees that Plaintiff had or ever may have as a result of conduct occurring up to and including the date of execution.[3]  (dkt. no. 38-1 ¶ 5(b).)

Plaintiff alleges, however, that following Plaintiff's acceptance of this Settlement Agreement and dismissal of the 2019 Lawsuit, "ASR's retaliatory campaign against Plaintiff continued and intensified."  (Compl. ¶ 170.)  Plaintiff alleges that Defendant Burchell began placing unreasonable expectations and workloads on Plaintiff while refusing to train Plaintiff properly or give Plaintiff time to adjust to his new role.  (Id. ¶¶ 173-75,

---

[3] The Court will refer to limited portions of the sealed Settlement Agreement (dkt. no. 38-1) because it finds—after the balancing of factors—that it is in the public interest to do so.  Doe v. City of New York, 2019 WL 4392533, at *1 (S.D.N.Y. Sept. 13, 2019) (analyzing the unsealing of court documents under a three-prong test).  Under this test, the Court must: "(i) determine whether the documents in question are 'judicial documents'; (ii) assess the weight of the common law presumption of access to the materials; and (iii) balance competing considerations against the presumption of access."  Id.  The Settlement Agreement is a judicial document.  Id. at *2. ("documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents").  The Court of Appeals in Lugosch v. Pyramid Co. of Onondaga noted that "documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons."  435 F.3d 110, 123 (2d Cir. 2006).  Finally, the competing considerations do not outweigh this presumption; the Settlement Agreement does not contain highly sensitive information, it is standard language for a settlement of this type, and it was executed more than five years ago.

179-80.)   Plaintiff alleges that at the same time, Plaintiff informed Defendants Burchell and Wilding that Plaintiff intended to take Family and Medical Leave Act ("FMLA") paternity leave to care for his pregnant wife who was experiencing medical difficulties.  (Id. ¶¶ 181-82.)  Plaintiff alleges that Defendants Burchell and Wilding responded saying "they wished '[Plaintiff] had told [them] sooner,' expressing clear displeasure, discontent, and objection."  (Id. ¶ 183.)  Plaintiff alleges he shortened his paternity leave in response to these hostile comments and that upon return to ASR, Plaintiff was faced with retaliatory conduct. (Id. ¶¶ 188, 191.)  Specifically, Plaintiff alleges that Defendant Wilding reassigned numerous additional responsibilities outside of Plaintiff's job title to Plaintiff.   (Id. ¶ 192.)   Plaintiff further alleges that Defendants Wilding and Kelly informed Plaintiff that he would not receive a bonus or salary increase due to performance issues.  (Id. ¶ 209.)

In May 2022, ASR terminated Plaintiff from his employment for performance issues and absence from work.  (Id. ¶ 230.)  Plaintiff alleges that the reasons for his termination were pretextual, and that the true motivations were discriminatory and retaliatory. (Id. ¶¶ 230-233.)

**B. Procedural History**

In July 2023, Plaintiff filed the operative complaint.  (See Compl.)   In the complaint, Plaintiff asserts nearly identical

claims as in the 2019 Lawsuit including race and color discrimination under Title VII and the New York State Human Rights Law ("NYSHRL") (Counts One and Four); race discrimination under Section 1981 (Count Three); hostile work environment under the NYSHRL (Count Six); retaliation under Title VII, Section 1981, and the NYSHRL (Counts Two and Five); and aiding and abetting under the NYSHRL (Count Seven).  (Id. ¶¶ 255-86.)

In February 2024, Defendants moved for partial summary judgment on Plaintiff's claims based on alleged facts occurring prior to October 30, 2020.  (See Def. Memo. at 1-2.)  Any alleged facts that arise after October 30, 2020, are not at issue for purposes of this motion.  In February 2024, Plaintiff filed his opposition to the motion.  (See Pl. Opp.)  The case was assigned to this Court in November 2025.

## II.  Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  The movant bears the burden to show the absence of a dispute as to a material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Where the non-moving party bears the burden of proof at trial, the moving party may discharge its summary judgment burden in "two ways: (1) by submitting evidence that negates an essential element of the non-moving party's claim, or (2) by demonstrating

that the non-moving party's evidence is insufficient to establish an essential element of the non-moving party's claim." Nick's Garage, Inc. v. Progressive Cas. Ins. Co., 875 F.3d 107, 114 (2d Cir. 2017).

In assessing the record, the Court "must view the evidence in the light most favorable to the . . . [non-moving] party," Tolan v. Cotton, 572 U.S. 650, 657 (2014) (internal quotation marks omitted), and "resolve all ambiguities and draw all reasonable inferences against the movant." Caronia v. Philip Morris USA, Inc., 715 F.3d 417, 427 (2d Cir. 2013). At the same time, "the mere existence of some alleged factual dispute" is not enough to prevent summary judgment—the dispute must be material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A fact is "material" only if it "might affect the outcome of the suit under the governing law." Id. at 248. Finally, "conclusory statements or mere allegations are not sufficient to defeat a summary judgment motion." Johnson v. Killian, 680 F.3d 234, 236 (2d Cir. 2012) (per curiam) (alterations omitted).

### III. Discussion

### A. Plaintiff Cannot Bring Any Claim Based on Conduct Occurring Prior to the Execution of the Settlement Agreement

Defendants move for summary judgment on all of Plaintiff's claims based on alleged facts predating October 30, 2020, arguing that these claims are barred in their entirety by the Settlement

Agreement (dkt. no. 38-1), which released "any and all" claims against Defendants arising from acts or conduct occurring prior to the execution of the Agreement.  (See Def. Memo. at 1-2; dkt. no. 38-1.)  Defendants note that facts or claims arising after October 30, 2020, are not at issue in this motion.  (Def Memo. at 4.) Plaintiff argues that, despite the release, Plaintiff is permitted to initiate litigation based on the alleged facts underlying the 2019 Litigation.  (Pl. Opp. at 21.)

i.    The Settlement Agreement is Valid and Enforceable

The Settlement Agreement specifies it shall be governed by New York law (dkt. no. 38-1 ¶ 14.), and the Court shall analyze it accordingly.  Archer Invs. S.a.r.l v. Local 282 Welfare Trust Fund, 462 Fed. Appx. 122, 123 (2d Cir. 2012) ("[w]here, as here, the parties have agreed on the law that will govern their contract, that choice of law will be enforced." (internal quotation omitted)).

A settlement agreement is a contract that is interpreted according to general principles of contract law.  Michelen v. IEEE GlobalSpec, 2022 WL 16557968, at *1 (2d Cir. Nov. 1, 2022).  Once entered, the contract is binding and conclusive.  Id.  Valid contracts governed by New York law, including settlement agreements, require offer, acceptance, consideration, mutual assent, and intent to be bound.  Scheinmann v. Dykstra, 2017 WL 1422972, at *2 (S.D.N.Y. Apr. 21, 2017).

7

As for releases of claims in Settlement Agreements, courts applying New York law will enforce valid releases which are clear and unambiguous on their face, knowingly and voluntarily entered into, and not "the product of fraud, duress, or undue influence." DiFilippo v. Barclays Capital, Inc., 552 F. Supp. 2d 417, 426 (S.D.N.Y. 2008).  Federal courts likewise have "articulated a strong policy in favor of enforcing settlement agreements and releases."  See Westbrooke v. Bellevue Hosp. Ctr., 2018 WL 4189514, at *3 (S.D.N.Y. Aug. 31, 2018) (citing Levine v. Bd. of Educ. of City of New York, 1998 WL 386141, at *2 (2d Cir. 1998)).

Here, the Settlement Agreement is clearly valid and enforceable.  Both parties signed the agreement.  A writing signed by the parties is powerful evidence of assent.  See Desiste v. Sobande, 2022 WL 4537914, at *6 (S.D.N.Y. Sept. 28, 2022); Nusbaum v. E-Lo Sportswear LLC, 2017 WL 5991787, at *3 (S.D.N.Y. Dec. 1, 2017); see also Powell v. Omnicom, 497 F.3d 124, 129 (2d Cir. 2007).  Consideration, here, consisted of money and a promotion in exchange for the agreement to release the claims.  MBB Realty Ltd. P'ship v. A&P, 509 B.R. 430, 444 (S.D.N.Y. 2014) ("a fundamental axiom of contract law is that forbearance of a legal right that does exist is valid consideration." (cleaned up)).

The release provision itself was also clearly valid and enforceable.  The language of the release was clear and unambiguous.  It repeatedly specifies that Plaintiff "fully and

forever" releases ASR and its employees from "any and all claims" of any kind, whether known or unknown, which Plaintiff had, has, or may have as a result of any act, omission, transaction, or conduct up to and including the date of executing the Settlement Agreement.  (dkt. no. 38-1 ¶ 5(b).)

Courts have repeatedly found such language to be valid.  Solis v. 666 Fifth Associates LLC, 2021 WL 5998416, at *2,4 (S.D.N.Y. Dec. 20, 2021) (dismissing discrimination and retaliation claims as barred by the settlement agreement plaintiff signed, which released "any and all claims"); Leftridge v. New York City Dep't of Educ., 2020 WL 1503665, at *6 (S.D.N.Y. Mar. 30, 2020) (finding the waiver to be valid because the documents were written in plain English and cover "'any and all claims, liabilities or causes of action . . . based upon anything that has happened up to' the date of the execution."); Westbrooke v. Bellevue Hosp. Ctr., 2018 WL 4189514, at *4-6 (S.D.N.Y. Aug. 31, 2018) (dismissing discrimination claims because plaintiff released all claims in a valid settlement agreement).

The Court finds that Plaintiff's execution of the Settlement Agreement, including the release, was knowing and voluntary. Courts must employ a "totality of the circumstances" test to determine whether a release of claims is "knowing and voluntary." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 438 (2d Cir. 1998).  The "totality of the circumstances" are determined by

analyzing the following factors: "1) the plaintiff's education and business experience, 2) the amount of time the plaintiff had possession of or access to the agreement before signing it, 3) the role of plaintiff in deciding the terms of the agreement, 4) the clarity of the agreement, 5) whether the plaintiff was represented by or consulted with an attorney, and 6) whether the consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled by contract or law." Bormann v. AT & T Communications, Inc., 875 F.2d 399, 403 (2d Cir. 1989) (quoting EEOC v. Am. Express Publ'g Corp., 681 F. Supp. 216, 219 (S.D.N.Y. 1988)). These factors are not exhaustive, nor must they all be satisfied to enforce a release. Nicholas v. NYNEX, Inc., 929 F. Supp. 727, 730 (S.D.N.Y. 1996).

Here, based on Plaintiff's own admissions, Plaintiff is clearly educated, experienced, and qualified. (Compl. ¶¶ 115, 140, 144.) Plaintiff acknowledges that he read and understood the Agreement and consulted with an attorney. (dkt. no. 38-1 ¶ 11.) Plaintiff was provided multiple weeks to review the Agreement and several additional days to revoke it after execution. (Id.) Although Plaintiff did not draft or negotiate the terms of the Agreement, the Court finds that, under the totality of the circumstances, Plaintiff knowingly and voluntarily entered into the Agreement, with no indication of duress, fraud, or misrepresentation.

Further, Plaintiff does not dispute the validity of the Settlement Agreement. Martinez-Amezaga v. N. Rockland Cent. Sch. Dist., 2024 WL 167270, at *6 (S.D.N.Y. Jan. 16, 2024) (a plaintiff who fails to respond to defendants' argument at summary judgment concedes defendants' position was correct).

ii.   Interpretation of the Release Provision

"Where the language of [a] release is clear, effect must be given to the intent of the parties as indicated by the language employed." Tromp v. City of New York, 465 F. App'x 50, 51 (2d Cir. 2012) (citing Wang v. Paterson, 2008 WL 5272736, at *4 (S.D.N.Y. Dec. 18, 2008) (quoting Shklovskiy v. Khan, 709 N.Y.S.2d 208, 209 (2d Dep't 2000))).   The language in the Settlement Agreement clearly precludes Plaintiff from bringing "any and all" claims against ASR or any of their employees or agents based on pre-release acts.  (dkt. no. 38-1 ¶ 5(b).)  It is undisputed that Defendants Burchell, Kelly, and Wilding are ASR employees.  (See Compl. ¶¶ 22, 25, 28.)  Plaintiff cannot bring a discrimination, retaliation, or any related suit against ASR, Burchell, Kelly, or Wilding for any acts, conduct, or omissions occurring prior to October 30, 2020.  Cantey v. Mount Vernon City Sch. Dist., 2018 WL 3315574, at *7 (S.D.N.Y. July 5, 2018) (holding that all discrimination and hostile work environment claims were barred by the Settlement Agreement, which released Plaintiff's former employer from all claims).

11

Plaintiff argues that Section Nine of the Settlement Agreement permits Plaintiff to initiate litigation based on the underlying allegations of the 2019 Lawsuit and EEOC charge. (Pl. Opp. at 18.)  This argument is misguided.  Section Nine of the Agreement clarifies that the Agreement does not prevent Plaintiff from participating in a government investigation or from filing a claim related to unemployment insurance or other public benefit to which Plaintiff may be entitled.  (dkt. no. 38-1 ¶ 9.)  This section is inapplicable to the case at hand in which Plaintiff seeks to bring substantive discrimination claims.

Plaintiff also argues that the Settlement Agreement is void due to a breach of the covenant of Good Faith and Fair Dealing. (Pl. Opp. at 20.)  This argument has no merit as the exercise of a bargained-for right is not a violation of the Covenant of Good Faith and Fair Dealing.  Barbara v. MarineMax, Inc., 2013 WL 1952308, at *5 (S.D.N.Y. May 10, 2013) ("[i]n general, a party does not violate the covenant of good faith and fair dealing solely 'by acting in its own self-interest consistent with its rights under the contract.'").

Ultimately, Plaintiff is barred from bringing any claims based on alleged acts occurring prior to the execution of the Settlement Agreement.

**B. Plaintiff Cannot Reference Facts Occurring Prior to October 30, 2020 as Background in Support of Any New Claims**

While Plaintiff cannot bring claims based on alleged acts occurring prior to the execution of the Settlement Agreement, Plaintiff argues that he is, at a minimum, permitted to reference evidence related to the released claims as background to support a showing of discriminatory intent and motive in a new action based on conduct occurring after October 30, 2020.  (Pl. Opp. at 23.)

Courts are split as to whether a Plaintiff may rely upon pre-release alleged acts as background to support a post-release claim.  See Shub v. Westchester Community College, 556 F. Supp. 2d 227, 242 (S.D.N.Y. 2008) (holding that despite a general release barring Plaintiff from bringing claims against Defendants based on actions prior to the signing of the release, Plaintiff did not release Defendants from liability for actions taken after the execution of the release, and may rely on events occurring before the execution to establish "background for defendants' retaliatory intentions and conduct."); but see Crenshaw v. New York City Hous. Auth., 697 F. App'x 726, 730 n.4 (2d Cir. 2017) ("In light of the stipulation that Rivers signed in settlement of the 2009 Petition, we do not consider the events predating the release in our analysis."); Bernardi v. New York State Dep't of Corr. & Cmty. Supervision, 2023 WL 3230558, at *7 n.7 (S.D.N.Y. May 3, 2023) ("[b]ecause the February 2015 settlement included a release of all

claims relating to employment discrimination, plaintiff cannot rely on pre-February 2015 incidents in his current complaint."); Noel v. Inc. Vill. of Lake Success, 2016 WL 740436, at *3 (E.D.N.Y. Feb. 24, 2016) ("the Court has determined that it will not consider testimony offered by the Plaintiff as to background evidence which pre-dates the June 3, 2010 execution of the Settlement Agreement."); Awolesi v. Shinseki, 2012 WL 527631, at *3 (W.D.N.Y. Feb. 16, 2012) ("because the Court finds that Plaintiff knowingly and willfully entered into the settlement agreement, the Court will not consider the conduct that occurred between 2005 and 2007 as background evidence for Plaintiff's claims of discrimination and retaliation.").

The Court agrees with the Defendants position——which is consistent with the majority of case law in this jurisdiction—— that the pre-release alleged facts should not be considered as background in support of post-release claims.

First, if Plaintiff were permitted to present years of evidence predating the execution of the Settlement Agreement, it would undermine the very purpose of the Agreement and deprive the parties of the benefit of their bargain.  It would also allow Plaintiff to receive a windfall——retaining the settlement payment while nevertheless bringing claims based, at least in part, on pre-agreement conduct.  Pitre v. City of N.Y., 713 F. Supp. 3d 13, 24 (S.D.N.Y. 2024) ("[p]ermitting a plaintiff to rely on pre-

14

release acts to support a new claim of discrimination or retaliation would undermine the very purpose of a release.").

Second, the pre-release evidence is not necessary to support the new claims. Plaintiff alleges that, after October 30, 2020, Defendants engaged in a "deliberate discriminatory effort" to "set Plaintiff up for failure" by refusing to provide onboarding or shadowing for his new position and by unreasonably reassigning numerous responsibilities to Plaintiff. (Pl. Opp. at 2-18.) Plaintiff further alleges that Defendants denied him paternity leave, refused to grant a bonus or salary increase, and ultimately terminated his employment in retaliation and based on discriminatory animus, offering pretextual explanations while the true motivation was his race and religion. (Id.) These are standalone allegations, each potentially sufficient to support a claim for employment discrimination or retaliation, and the twenty-five pages of allegations in the complaint referring to conduct prior to the execution of the Settlement Agreement are therefore unnecessary as background.

**C. Plaintiffs' Additional Arguments Have no Merit**

i.   Continuing Violation Doctrine

Plaintiff seeks to apply the continuing violation doctrine. (Pl. Opp. at 22.)   "Under Title VII's continuing violation doctrine, if a plaintiff has experienced a continuous practice and policy of discrimination, the commencement of the statute of

limitations period may be delayed until the last discriminatory act in furtherance of it." Leizerovici v. HASC Ctr., Inc., 2018 WL 1114703, at *4 (E.D.N.Y. Feb. 27, 2018).  This doctrine is inapplicable to the case at hand where claims have been barred due to an explicit contractual release, not the statute of limitations. Mackenzie v. New York City Dep't of Educ., 2023 WL 2711848, at *6, 7 n.4 (S.D.N.Y. Mar. 30, 2023) (concluding that the allegations in the complaint do not support application of the continuing violation doctrine in part because Plaintiff's claim is barred by the settlement agreement Plaintiff entered).

   ii.  Prematurity

Plaintiff also contends that the motion for summary judgment is premature because Plaintiff has not had an opportunity to engage in sufficient discovery. (Pl. Opp. at 24.)  This argument is also without merit.  Rule 56(d) of the Civil Rules requires a non-movant to provide an affidavit or declaration when arguing that additional discovery is necessary to properly respond to a motion for summary judgment. FED. R. CIV. P. 56(d).  Plaintiff has not complied with this requirement and does not identify with specificity any facts he seeks to discover.  Plaintiff does not explain what additional discovery would be necessary for summary judgment to be appropriate at this stage—the Court finds that it is undisputed that the Settlement Agreement releases Defendants from pre-release claims and that no further discovery is necessary.

16

See Sylvester v. Interbay Funding LLC, 2017 WL 4382056, at *7 (S.D.N.Y. Sept. 29, 2017) (rejecting plaintiffs' 56(d) argument because they "fail[ed] to describe with any specificity what facts they seek to discover and how they would do so."); see also Campbell v. Khan, 2023 WL 9101982, at *7-8 (N.D.N.Y. Dec. 13, 2023) (rejecting plaintiff's argument that summary judgment should be denied as premature in part because he failed to submit an affidavit).

## IV. Conclusion

Defendants' motion for partial summary judgement for claims based on alleged acts occurring prior to October 30, 2020, is GRANTED, and these claims are DISMISSED. The Settlement Agreement validly and unequivocally bars Plaintiff from bringing "any and all" claims against Defendants ASR and any of their employees or agents based on, or in reliance upon, acts occurring before October 30, 2020, the date the Settlement Agreement was executed. The release is valid, enforceable, and consistent with public policy. It was entered into knowingly and voluntarily and is not subject to any applicable exceptions. Any claims that may arise from facts occurring after October 30, 2020, are not barred by this motion but may not be based on or rely upon pre-release alleged acts.

The parties shall confer and inform the Court by letter within two weeks of this order of how they propose to proceed.

17

The Clerk of the Court shall close docket number 33.

**SO ORDERED.**

Dated:    March 26, 2026
          New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge